## Case No. 8,484.

### The LONG BRANCH.

[9 Ben. 89.] [1]

District Court, E. D. New York. March, 1877.

MARITIME LIEN—PRESUMPTION OF CREDIT — NECESSARY SUPPLIES—LIQUORS FOR THE BAR.

Where a part of a bill of supplies furnished to a vessel were liquors and other things, intended to be used in a bar, kept on board the vessel as part of a restaurant managed by the railroad company that was using the boat, and a libel was filed against the steamboat to enforce a lien for the whole bill: *Held*, that a lien upon the boat for the value of the liquors, where the evidence warranted the conclusion that the bar was no more than a convenient method employed by the owners for supplying the ordinary wants of the class of passengers transported on the boat, can be enforced.

See the case of The Metropolis [Case No. 9,-503].

In admiralty.

BENEDICT, District Judge. This is an action to enforce a lien for supplies furnished to the steamboat Long Branch. The answer avers that at the time the supplies were furnished the vessel was owned by the New Jersey Southern Railroad Company, and that the supplies were furnished solely upon the credit of that corporation. Under the decision of The Plymouth Rock [Case No. 11,237], this vessel was a foreign vessel, and therefore subject to a lien for the supplies in question, which are admitted to have been furnished to and necessary for the use of the vessel, provided the articles were furnished upon the credit of the vessel. The facts bearing upon this question are similar to those proved in the case of the Plymouth Rock above referred to, and in accordance with that decision it must be held that the proofs are sufficient to sustain the averment of the libel that the articles were furnished upon the credit of the vessel, and not solely upon the credit of the railroad company. A point is made in this case that it appears that some of the articles were intended to be used in a bar kept on the steamboat, and were designated on the bills as for the bar, and that such articles are not within the denomination of necessaries for the vessel. I can imagine a state of facts that would not warrant holding that a lien upon the vessel is created by articles furnished to a bar maintained on the vessel. But upon the meagre facts here shown no distinction can be drawn between the articles to be used on the table at the restaurant and those used in the bar. The employment of the vessel in the absence of other proof warrants the inference that the bar was a part of the restaurant, and no more than a convenient method of supplying the ordinary wants of the class of passengers transported on the boat. Accordingly there must be a decree in favor of the libellants for the amount claimed, with interest and costs.